UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **INDIANA BANK & TRUST COMPANY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.  1:10-cv-1329-WTL-DKL |
| ) | |
| **BARBARA A. GRAY, et al.,** ) | |
| ) | |
| Defendants. ) | |

**ENTRY DENYING MOTION FOR DEFAULT JUDGMENT AND DIRECTING
SERVICE OF PROCESS ON THE INDIANA DEPARTMENT OF REVENUE**

The Plaintiff in this action now seeks for the third time entry of default against Defendants Barbara A. Gray, the Indiana Department of Revenue, and Palisades Collection, LLP.  Once again, as set forth below, the Plaintiff has failed to demonstrate that entry of default is appropriate.

**I.  PROCEDURAL HISTORY**

This case was removed to this court from the Bartholomew Circuit Court on October 22, 2010.  On January 10, 2011, the Plaintiff moved for entry of default against Defendants Barbara Gray, Palisades Collection, LLC, and the State of Indiana - the Department of Revenue ("IDOR") (collectively "the Non-Appearing Defendants").  That motion was denied for two reasons.  First, the Plaintiff had failed to comply with Federal Rule of Civil Procedure 5(a) in that it had not served the motion on the Non-Appearing Defendants.[1]  In addition, the Plaintiff had not demonstrated that it had effected service of process on any of the Non-Appearing

---

[1] Indeed, none of the appearing parties had served any filing on the Non-Appearing Defendants since the case was removed.  The Court ordered all of the appearing parties to correct that problem, which they did.

Defendants. Specifically, the only information provided by the Plaintiff regarding its efforts to effect service was an uncertified Chronological Case Summary ("CCS") from the Bartholomew Circuit Court, and the information contained therein was deficient in the following respects:

- The CCS did not contain any return of service for IDOR.

- With regard to Defendant Palisades Collection LLC, the CCS indicated that a certified mail receipt was returned "from Palisades Collection signed by Terry L. Wood," but the Plaintiff had provided the Court with no information to demonstrate that this was sufficient service pursuant to Indiana Trial Rule 4.6.

- With regard to Defendant Barbara A. Gray, the CCS noted "Sheriff served Barbara A. Gray by LOR only" and the document itself indicated that it was "left on address," but the Plaintiff had not demonstrated that the address in question was, in fact, Ms. Gray's "dwelling house or usual place of abode" at the time or that it complied with Indiana Trial Rule 4.1(B). In addition, the Court noted that no default judgment could be entered against Defendant Gray unless the Plaintiff complied with 50 App. U.S.C.A. § 521.

Docket No. 13 (February 7, 2011).

On May 16, 2011, the Plaintiff filed a motion for default judgment against the Non-Appearing Defendants; a week later, the Plaintiff filed a motion for entry of default against them.[2] Unfortunately, the Plaintiff once again failed to comply with Rule 5(a) despite being

---

[2]The motion for default judgment should not have been filed until after entry of default had been sought and granted. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ( "There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks.").

instructed by the Court regarding the necessity of doing so. Accordingly, the Court directed the Clerk to strike both motions, as well as the affidavits of service that the Plaintiff had filed that also did not contain certificates of service indicating that they had been served on the Non-Appearing Defendants. The court's docket clearly indicates that each of those filings has been stricken from the record per the Court's order. *See* Docket Nos. 17, 18, 19, and 20.

In reviewing the Plaintiff's second motion for entry of default and related filings, it became apparent to the Court that the Plaintiff could not have properly effected service on Defendant IDOR because the Plaintiff had twice – once before removal and once after – had a summons issued to the Indiana Attorney General, but had not had a summons issued to the chief executive officer of IDOR as required by both Federal Rule of Civil Procedure 4(j)(2) and Indiana Trial Rule 4.6(A)(3). The Court therefore issued an order to show cause why Defendant IDOR should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). The Plaintiff filed a timely response to the order to show cause; unfortunately, that response did nothing to advance the Plaintiff's cause, as it simply confirmed that the Plaintiff had not served Defendant IDOR properly.

The Plaintiff had yet another summons issued on September 13, 2011, this time to "State of Indiana Department of Revenue, c/o Office of Attorney General." On September 21, 2011, the Plaintiff filed an affidavit of service indicating that the summons, the complaint, and the notice of removal had been hand-delivered to the Office of the Attorney General.

## II.  **THE INSTANT MOTIONS**

On November 14, 2011, the Plaintiff filed another motion for default judgment against the Non-Appearing Defendants (dkt. no. 27). As explained above, that motion was premature

absent an entry of default and therefore is **DENIED.**

Attached as an exhibit to the motion for default judgment is an application for entry of default.[3]  No affidavit of service was filed in conjunction with this third motion for entry of default.  With regard to Defendants Palisades Collections LLC and Barbara Gray, the Court has no more information regarding the Plaintiff's efforts to serve them than it did when it denied the Plaintiff's first motion for entry of default for lack of information.  (Perhaps the missing information was contained in the affidavit filed with the Plaintiff's second motion for entry of default, but that motion and all related filings were stricken from the record and therefore are not before the Court.)  Therefore, it should come as a surprise to no one that with regard to Defendants Palisades Collections LLC and Barbara Gray the instant motion is **DENIED** for the same reasons that the first motion for entry of default was denied; specifically, because the Court lacks the information set forth in the bullet points above.

With regard to Defendant IDOR, as noted above the Plaintiff has provided more information regarding its attempts to serve it since its initial motion for entry of default.  However, also as noted above, putting aside the obvious issue regarding the timeliness of service, which is addressed below, the Plaintiff still has not demonstrated how service upon the Department of Revenue "c/o" the Indiana Attorney General is sufficient to effect service upon IDOR, inasmuch as the applicable rule, Indiana Trial Rule 4.6(A)(3), as incorporated by Federal Rule of Civil Procedure 4(j)(2), requires service upon *both* the Attorney General *and* the executive officer of a state governmental organization.  It does not appear that the Plaintiff has

---

[3]It is not proper to file a motion as an exhibit to another motion; the Plaintiff shall refrain from doing so in the future.

complied with this rule; nor has the Plaintiff demonstrated that the rule is inapplicable in this case. Accordingly, the Plaintiff's latest motion for entry of default also is **DENIED** as to Defendant IDOR.

### III.  WHAT CAN BE DONE TO SALVAGE THIS CASE?

To say that the Court is frustrated by the lack of progress in this case is an understatement. The Court suspects that the Plaintiff did timely effect service on both Barbara Gray and Palisades Collection LLC; however, the Plaintiff has not demonstrated that fact "by affidavit or otherwise" such that entry of default against them is appropriate pursuant to Federal Rule of Civil Procedure 55(a). It is somewhat baffling why the Plaintiff has been unable to follow the Court's instructions and make the requisite showings with regard to these Defendants.

With regard to Defendant IDOR, it does not appear to the Court that it has been properly served. The Court could dismiss it without prejudice pursuant to Federal Rule of Civil Procedure 4(m), but that would seem to be highly inefficient, inasmuch as the Plaintiff could simply refile against it and then go through the procedural hoops necessary to rejoin it as a defendant in this case. That process would benefit no one. Accordingly, the Court finds good cause–to wit, the furtherance of judicial economy–to extend the time for effecting service on IDOR to **December 2, 2011**. Unless the Plaintiff demonstrates otherwise, this must include service on both the Indiana Attorney General and the executive officer (i.e. the Commissioner) of IDOR as required by Indiana Trial Rule 4.6(A)(3) as incorporated by Federal Rule of Civil Procedure 4(j)(2).

That said, however, the Court's patience is not endless. Therefore, this entire case **WILL BE DISMISSED WITHOUT PREJUDICE** for failure to prosecute if the Plaintiff fails to do

the following:

1. file by **December 5, 2011**, an affidavit of service demonstrating proper and complete service of process with regard to Defendant IDOR; **and**

2. either file a motion for entry of default with regard to Defendants Gray and Palisades Collection LLC **with an affidavit that sets forth all of the necessary information as explained above** by **December 5, 2011,** or, if the Plaintiff does not believe it has properly served those defendants, file by that date a motion for additional time to do so pursuant to Rule 4(m).

SO ORDERED: 11/18/2011

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copies by United States Mail to:**

**Barbara A. Gray**
**10961 W. Hillview Pl.**
**Columbus, IN  47201**

**Palisades Collection, LLC**
**c/o CT Corporation Systems**
**251 E. Ohio St. Suite 1100**
**Indianapolis, IN  46204**

**State of Indiana-Department of Revenue**
**Office of the Attorney General**
**Indiana Government Center South, 5th Floor**
**402 W. Washington St.**
**Indianapolis, IN  46204**

Copies to all counsel of record via electronic notification